1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ENRIQUE BANUELOS,

                              Petitioner,

        v.

GREG SMITH, et al.,

                              Respondents.

Case No. 3:11-cv-00896-MMD-VPC

ORDER

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel. Before the Court is respondents' motion to dismiss the second amended petition. (Dkt. no. 35.)

**I.     PROCEDURAL HISTORY**

Petitioner was charged with murder with the use of a deadly weapon. (Exh. 5.)[1] On May 17, 2007, at his arraignment, petitioner entered a plea of not guilty to the charge. (Exh. 6.) On December 4, 2007, pursuant to negotiations, the State filed an amended information charging petitioner with murder in the first degree. (Exh. 8.) The State dropped the use of a deadly weapon enhancement. (*Id.*) On December 4, 2007, a guilty plea memorandum was filed. (Exh. 9.) On December 4, 2007, petitioner pled guilty, pursuant to negotiations, to first-degree murder. (Exh. 10.) On March 7, 2008, petitioner's counsel filed a statement in mitigation. (Exh. 11.) Petitioner was sentenced to life in prison with the possibility of parole after 20 years served. (Exhs. 12 & 13.)

[1]The exhibits referenced in this order are found in the Court's record at dkt. nos. 30, 31 and 41.

Petitioner did not pursue a direct appeal. On September 4, 2009, petitioner filed a post-conviction habeas petition in state district court. (Exh.19.) Petitioner was appointed counsel for his post-conviction proceedings. (Exh. 22.) On April 1, 2010, petitioner's post-conviction counsel filed a supplemental petition. (Exh. 23.) The State moved to dismiss the petition. (Exh. 24.) Petitioner opposed the motion. (Exh. 25.) By order filed July 14, 2010, the state district court dismissed the petition as untimely. (Exh. 27.) Petitioner appealed from the denial of his state post-conviction habeas petition. (Exh. 28.) On September 15, 2011, the Nevada Supreme Court affirmed the denial of the post-conviction habeas petition. (Exh. 32.) Remittitur issued on October 12, 2011.  (Exh. 33.)

Petitioner dispatched his federal habeas petition to the Court on December 12, 2011. (Dkt. no. 1.) On November 26, 2012, petitioner filed an amended petition. (Dkt. no. 16.) By order January 28, 2013, the Court granted petitioner's motion for the appointment of counsel. (Dkt. no. 19.) The Federal Public Defender entered a notice of appearance for petitioner on February 27, 2013. (Dkt. no. 20.) On October 3, 2013, petitioner filed a second amended petition. (Dkt. no. 29.) Respondents have filed a motion to dismiss the second amended petition. (Dkt. no. 35.) Petitioner has filed an opposition to the motion. (Dkt. no. 42.) Respondents filed a reply. (Dkt. no. 47.)

## II.    DISCUSSION

### A.    Arguments Regarding Untimeliness and Equitable Tolling

Respondents argue that the petition is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.

* * *

What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

In the present case, petitioner's judgment of conviction was entered on March 7, 2008. (Exh. 13.) Petitioner had thirty (30) days after March 7, 2008, within which to file a direct appeal. Nevada Rules of Appellate Procedure, Rule 4.  Petitioner did not pursue a direct appeal. Where a petitioner does not appeal from his judgment of conviction, the one-year AEDPA limitations period begins to run on the date on which the time to seek appeal expires.  28 U.S.C. § 2244(d)(1)(a); NRAP 4. Thus, petitioner's date of finality is April 7, 2008, the deadline for filing a direct appeal. Petitioner then had one year from

April 7, 2008, within which to file the federal habeas petition, unless the time was otherwise tolled by federal statute.

A properly filed state post-conviction petition tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). A state post-conviction petition that violates the state statute of limitations is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005). Petitioner filed the post-conviction habeas petition in state district court on September 4, 2009. (Exh. 19.) The state district court dismissed the petition as untimely. (Exh. 27.) In an order filed September 15, 2011, the Nevada Supreme Court also held that petitioner's state habeas petition was untimely pursuant to NRS 34.726. (Exh. 32.) Thus, the state habeas petition was not a "properly filed application" that would toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2). The time period during which petitioners' state habeas petition was pending in state court is not statutorily tolled. As such, the AEDPA time period expired on April 7, 2009. Petitioner dispatched the federal habeas petition on December 12, 2011.[2] Therefore, 1,353 days, which were not tolled by statute, elapsed before petitioner filed the federal habeas corpus petition. The federal petition is untimely under the AEDPA's one-year statute of limitations.

Petitioner concedes that his federal petition was untimely filed, but argues that he is entitled to equitable tolling of the AEDPA statute of limitations. (Dkt. no. 42.) The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In making a

---

[2]The federal petition indicates that petitioner mailed the petition on December 12, 2011. (Dkt. no. 1-1, at p. 1). Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

4

determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 560 U.S. at 650. Moreover, "the diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 650 (internal citations omitted).

A combination of a "(1) prison law library's lack of Spanish-language materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances" to support equitable tolling. *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006). In *Mendoza*, the Ninth Circuit relied on its earlier decision in *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000), in which the Court concluded that the unavailability of a copy of the AEDPA could be grounds for statutory tolling as a state-created impediment. *Mendoza*, 449 F.3d at 1069 (*citing Whalem/Hunt*, 233 F.3d at 1148). The Court held as follows: "[W]e conclude that a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitations, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza*, at 233 F.3d at 1070.

In this case, the relevant time period during which petitioner could have filed a timely federal habeas petition (during the running of the AEDPA statute of limitations) was March 7, 2008 until April 7, 2009. Petitioner has presented the Court with his own declaration, in which he states that he does not speak or understand English. (Exh. 48.) The Nevada Department of Corrections noted in his records that petitioner does not speak English. (Exhs. 35 & 45.) Declarations from two of petitioner's fellow inmates, Rodriguez and Glover, state that petitioner has a language barrier and attest to the lack of Spanish-language materials in the law library at Ely State Prison. (Exhs. 46 & 47.) Petitioner states that during his incarceration at Northern Nevada Correctional Center

(NNCC), from March 14, 2008, through July 21, 2008, he was in the "fish tank" and was then placed in administrative segregation ("the hole"). (Exh. 48.) Petitioner states that during his incarceration at NNCC, he had no knowledge of the existence of the law library or that he could request to conduct research. (*Id.*) In July 2008, petitioner transferred to Ely State Prison (ESP). Petitioner states that while he was in the "workers unit" at Ely State Prison, he went to the library once, but there was no one there who spoke Spanish. (*Id.*) Petitioner states that at the prison library at Ely State Prison, he did not see any Spanish materials or interpreters. (*Id.*) Petitioner states that there were no Spanish-speaking law clerks at the prison to assist him. (*Id.*) Petitioner states that an inmate named "TJ" submitted some paperwork to the court on his behalf. (*Id.*) Petitioner also states that his cell mate, Eddie Rodriguez, helped him translate some legal papers. (*Id.*) Petitioner states that upon his arrival at Nevada State Prison in May 2009, an inmate may have helped him work on his state petition around 2009-2010. (*Id.*) Petitioner alleges that he was unable to read letters that he received from his criminal attorney, Paul Quade. (*Id.*) Petitioner was transferred to Warm Springs Correctional Center on June 23, 2011. (Exh. 35.)

Petitioner argues that his language barrier was an extraordinary circumstance preventing him from filing a timely federal petition. Specifically, petitioner contends that the prison failed to provide him with Spanish-language materials or Spanish-speaking translators, and was the functional equivalent to the issue in *Whalem/Hunt*, where the unavailability of a copy of the AEDPA was grounds for equitable tolling. Petitioner argues that, while he was able to obtain some translation from inmates while at Ely State Prison, these inmates were not certified law clerks and were not in a position to provide him with actual assistance with his case. Petitioner further asserts that he made diligent attempts to request his file from his criminal attorney and work on his case.

Based on the evidence submitted, the Court finds that during the relevant time period, from March 7, 2008, until April 7, 2009, petitioner was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance

from an inmate, library personnel, or other source. *See Mendoza*, at 233 F.3d at 1070. Indeed, in the order of January 28, 2013, this Court recognized that petitioner cannot speak or write English, and therefore granted petitioner's motion for the appointment of counsel on that basis. (Dkt. no. 19.) Petitioner is entitled to equitable tolling from the date of his state court judgment of conviction, March 7, 2008, through the filing date of his counsel's second amended petition, on October 3, 2013.

## B.   Argument that the Petition is Conclusory

Respondents argue that the grounds asserted in the second amended petition are conclusory and should be dismissed. A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a federal habeas petition must specify all grounds for relief and "state the facts supporting each ground." As such, every petition must allege the deprivation of federal constitutional rights in order to obtain habeas relief under § 2254. *See Engle v. Isaac*, 456 U.S. 107, 119 (1982); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (holding that unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus). The critical question is whether the allegations of the petition are "so palpably incredible . . . so patently frivolous or false . . . as to warrant summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977).

In Ground 1(a), petitioner alleges ineffective assistance of his counsel at sentencing based on counsel's failure to investigate and present mitigating evidence to the sentencing court. (Dkt. no. 29, at pp. 7-8.) The petition alleges facts in support of the claim, specifically, petitioner's background, including his drug addiction and catastrophic events in life, which were mitigating factors that were not investigated. (*Id.*, at p. 7.) Petitioner further alleges that an expert should have been retained to testify about his risk of recidivism or future dangerousness. (*Id.*) Petitioner alleges that counsel was ineffective in failing to advocate for a lesser sentence, for a term of years rather than a

life sentence with the possibility of parole. (*Id.*) These allegations are not so conclusory or vague that they should be dismissed.  Respondents attempt to argue the merits of the effective assistance of counsel claims, which is inappropriate at this juncture. Such arguments shall be reserved for the answer.

As to Ground 1(b), petitioner alleges that he received ineffective assistance of counsel because his attorney failed to ensure that he understood the consequences of his plea. (Dkt. no. 29, at p. 8.) Petitioner also alleges that his attorney failed to inform him of his right to appeal. (*Id.*) Petitioner alleges that if counsel had discussed his appeal rights with him, he would have appealed his judgment and conviction. (*Id.*) Respondents argue that petitioner had no right to a direct appeal, citing Nevada state law. Respondents' arguments are better reserved for the answer. The second amended petition alleges sufficient facts and will not be dismissed at this time.

## C.   Procedural Default Arguments

Respondents argue that the grounds of the second amended petition are procedurally barred. In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman*, 501 U.S. at 731-32. Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To overcome a claim that was procedurally defaulted in state court, a petitioner must establish either (1) cause for the default and prejudice attributable thereto or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted).

///

In the federal petition, petitioner alleges ineffective assistance of counsel. Ground 1(a) alleges that counsel failed to present mitigating evidence at sentencing and failed to argue for a lesser sentence. Ground 1(b) alleges that counsel failed to advise petitioner of his right to appeal. (Dkt. no. 29.) These issues were raised in petitioner's state habeas petition. The state district court dismissed the petition as untimely pursuant to NRS 34.726. (Exh. 27.) The Nevada Supreme Court affirmed the denial of the petition as untimely pursuant to NRS 34.726. (Exh. 32.) The Nevada Supreme Court further made findings that petitioner failed to show cause for his delay in filing and prejudice resulting therefrom. (*Id.*)

Petitioner asserts that ineffective assistance of counsel constitutes cause and prejudice to excuse the procedural default. In their reply, respondents present arguments to the contrary. The Court has determined that the analysis of cause and prejudice arguments in this case are closely related to the analysis on the merits of the case. Therefore, the Court will defer ruling on cause and prejudice issues until the merits are fully briefed. These issues shall be addressed in the answer and reply brief.

## III.   CONCLUSION

It is therefore ordered that respondents' motion to dismiss the second amended petition (dkt. no. 35) is denied.

It is further ordered that respondents shall file an answer to the second amended petition within thirty (30) days of the entry of this order. The answer shall substantively address the merits of all grounds of the second amended petition. The answer shall also address cause and prejudice issues as to all grounds of the second amended petition. No further motions to dismiss will be entertained.

It is further ordered that petitioner shall file a reply to the answer within thirty (30) days of being served with the answer. The reply shall respond to the answer and substantively address all grounds of the second amended petition. The reply shall also address cause and prejudice issues as to all grounds of the second amended petition.

///

It is further ordered that any additional exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional exhibits shall be forwarded — for this case — to the staff attorneys in Reno, Nevada.

DATED THIS 15th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE